UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **Maliah Shamsuddin, as Administratrix of the Estate of Jacqueline Grace Beverley, deceased,**  **Plaintiff;**  v.  **AMERICAN TRANSPORT SERVICES LLC; A1 TRANSPORT & LOGISTICS, LLC; AND DONALD STEWART LAMENDOLA, INDIVIDUALLY,**  **Defendant.** | ) ) ) ) ) ) **CIVIL ACTION NO.:** _____ ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) |

## COMPLAINT

1. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence and/or wantonness against Plaintiff's Decedent.

## PARTIES

2. Plaintiff Malia Shamsuddin is and was at all times relevant to this action over the age of nineteen (19) years and a resident and citizen of Jefferson County, Alabama.

3. Plaintiff was granted Letters of Administration for the Estate of Jacqueline Grace Beverley, deceased, on October 14, 2022, in the Probate Court of Jefferson County, Alabama.

1

4. Defendant Donald Stewart Lamendola (hereinafter "Lamendola") is and was at all times relevant to this action over the age of nineteen (19) years and a resident and citizen of Berlin, Maryland.

5. Defendant American Transport Services, LLC, (hereinafter American Transport) is a foreign limited liability company with its principal place of business in Fort Mill, SC.

6. Defendant A1 Transport & Logistics, LLC, (hereinafter A1 Transport) is a domestic limited liability company with its principal place of business in Paulding County, GA.

## JURISDICTION AND VENUE

7. The accident which is the subject of this lawsuit occurred in rural Shelby County, Alabama, on US 31 at the intersection of Oak Tree Lane and AL HWY 70.

8. On or about August 10, 2022, Defendant Donald Stewart Lamendola was operating a tractor trailer traveling southbound on US 31 crossed the centerline, failed to slow or stop, causing a collision wherein Defendant struck the Plaintiff's vehicle in which Plaintiff was operating, head on, fatally injuring Plaintiff's decedent, Jacqueline Beverley.

9. The District Court has jurisdiction over this matter pursuant to 28 U.S.C §1332 since there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

10. Venue is proper in the Northern District of Alabama based on 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred in this district.

## COUNT I – NEGLIGENCE

11. Plaintiff realleges and incorporates by reference the allegations contained in the above paragraphs with the same force and effect as if herein set forth.

12. Defendant A1 Transport & Logistics, LLC, upon information and belief, owned the tractor being operated by Defendant Lamendola. A1 Transport & Logistics had leased the tractor involved to American Transport. At the time of the crash, Lamendola was an employee of American Transport and/or A1 Transport.

13. Defendants American Transport, A1 Transport and Lamendola had a duty to operate the tractor trailer involved in the accident made the basis of this action, in a safe and prudent manner, so as to not cause harm to others.

14. Defendants American Transport, A1 Transport, and Lamendola breached their duty, and this accident was proximately caused, when Defendant, Lamendola, negligently operated the tractor trailer, crossing the centerline, hitting the vehicle head on, in which Plaintiff's decedent was operating.

15. As a result of this negligence, Plaintiff's decedent sustained fatal injuries, and died.

16. Plaintiff claims that if any employee or agent of any Defendant is responsible

for the negligence claimed herein, the Defendants are vicariously liable for the injuries and resulting death of Plaintiff's decedent, under the theory of *respondeat superior*.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount of exemplary damages consistent with the intent and purpose of the Alabama Wrongful Death Act, plus costs of this action and any other such other relief to be deemed just and equitable.

### COUNT II - NEGLIGENT HIRING, RETENTION, CONTROL AND PROVIDING UNSAFE AND/OR INADEQUATE EQUIPMENT

17. Plaintiffs further allege that American Transport, and/or A1 Transport, through its acts and/or omissions, were negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiffs' decedent's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of American Transport, and/or A1 Transport, to-wit:

a. In hiring and/or retaining its employee driver, Lamendola;

b. In failing to train or inadequately training its employee, Lamendola;

c. In allowing and/or requiring its employee, Lamendola, to drive the vehicle in question given the state of disrepair of the braking system on the tractor.

d. In allowing and/or requiring Lamendola to drive the vehicle in question when it was unsafe for him to do so under the circumstances, given the state of

disrepair of the braking system on the tractor.

e. In failing to maintain the braking system on the tractor involved in the incident made the basis of this lawsuit;

f. In failing to have adequate safety management controls in place to ensure compliance with the safety fitness standard which has resulted in occurrences listed in 49 C.F.R. §385.5 (e)(h).

18. Plaintiff claims that if any employee or agent of any Defendant is responsible for the negligence claimed herein, Defendants are vicariously liable under the theory of *respondeat superior.*

19. As a result of this negligence, Plaintiff's decedent sustained fatal injuries, and died.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount of exemplary damages consistent with the intent and purpose of the Alabama Wrongful Death Act, plus costs of this action and any other such other relief to be deemed just and equitable.

### COUNT III – WANTONNESS

20. Plaintiff realleges and incorporates by reference the allegations contained in the above paragraphs with the same force and effect as if herein set forth.

21. Defendants American Transport, A1 Transport, and Lamendola had a duty to

operate or cause to be operated the tractor trailer driven by Defendant Lamendola, in a safe and prudent manner so as not to cause damage or injury to others.

22. Defendants American Transport, A1 Transport and Lamendola, breached their duty and this accident was proximately caused when Defendant Lamendola, wantonly operated the tractor trailer, crossing the centerline, causing a head on collision with the vehicle in which Plaintiff's decedent was operating.

23. As a result of this wantonness, Plaintiff's decedent, Jacqueline Beverley, sustained fatal injuries, and died.

24. Plaintiff claims that if any employee or agent of any Defendant is responsible for the wantonness claimed herein, Defendants are vicariously liable under the theory of *respondeat superior.*

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount of exemplary damages consistent with the intent and purpose of the Alabama Wrongful Death Act, plus costs of this action and any other such other relief to be deemed just and equitable.

Respectfully submitted,

/s/ *K. Rick Alvis*
K. Rick Alvis
(ASB-2852-L31K)

**Of Counsel:**
K. Rick Alvis, Esq.
**Holt, Mussleman, Morgan & Alvis**
216 W. Dr. Hicks Blvd.
Florence, AL 35630-6135
256-766-0503 Main
256-766-7690 Fax
rick@alvislaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury on all issues of this cause.

/s/ *K. Rick Alvis*
K. Rick Alvis

## DEFENDANTS TO BE SERVED

AMERICAN TRANSPORT SERVICES LLC
c/o David Hall, Esq.
WILSON ELSER
1500 Urban Center Drive
Suite 450
Birmingham, AL 35242
David.hall@wilsonelser.com

A1 TRANSPORT & LOGISTICS, LLC
c/o David Hall, Esq.
WILSON ELSER
1500 Urban Center Drive
Suite 450
Birmingham, AL 35242
David.hall@wilsonelser.com

DONALD STEWART LAMENDOLA
c/o David Hall, Esq.
WILSON ELSER
1500 Urban Center Drive
Suite 450
Birmingham, AL 35242
David.hall@wilsonelser.com